## NO. 23-6132

### IN THE UNITED STATES DISTRICT COURT OF APPEALS
### TENTH CIRCUIT

**ANTHONY SANCHEZ,**
**Petitioner-Appellant,**

**v.**

**CHRISTIE QUICK,**
**Respondent-Appellees,**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA, IN CASE NUMBER 11-CV-1171**
**BEFORE THE HONORABLE JUDGE JOSEPH HEATON**

**THIS IS A DEATH PENALTY CASE**
**EXECUTION IS SCHEDULED FOR SEPTEMBER 21, 2023**

### MERIT BRIEF OF APPELLANT

Eric J. Allen (0073384)
The Law Office of Eric J. Allen, Ltd.
4200 Regent Street, Suite 200
Columbus, Ohio 43219
Ph.: (614) 443-4840
Fax: (614) 573-4924
Email:  eric@eallenlaw.com
Attorney for Appellant

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT……………….…...…….1

JURISDICTIONAL STATEMENT …………………….…..…………………..2

STATEMENT OF ISSUE FOR REVIEW………..…………………………..3

STATEMENT OF THE CASE …………………..………………………..4

STATEMENT OF THE FACTS …………………..………………………5-6

SUMMARY OF ARGUMENT …………………..………………….…..6

STANDARD OF REVIEW …………………..………………………7

ARGUMENT …………………..………………………8-12

CONCLUSION …………….………………………………….13

CERTIFICATE OF SERVICE …………………..……………………….13

# <u>TABLE OF AUTHORITIES</u>

*<u>Circuit Court Cases</u>*

Cooey v. Taft, 430 F. Supp. 2d 702, 708…………..………………………………...…11
Hauser v. Moore, 223 F.3d 1316, 132………….…...…………………………….....7
Hawkins v. City & County of Denver, 170 F.3d 1281, 1292….....……………….7
Hill v. McDonough, 547 U.S. 573, 584………………………………………...….8
Nelson v. Campbell, 541 U.S. 637, 649-50………………………………….…....8
Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146………………………………7
Williams v. Chrans, 50 F.3d 1358, 1360………………………………………...8,10
Winter v. Natural Res. Def. Council, Inc., 555U.S. 7, 20………………………….8

<u>ABA Guidelines</u>

ABA guidelines for the Appointment and Performance of Defense Counsel in
Death Penalty Cases, 2003, Rule 10.15.1; Rule 10.15.2………………………...9

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure and Tenth Circuit Rule34(a), Appellant hereby respectfully request oral argument on the present appeal.  There are complex questions that can only be answered in person, at a live hearing or virtually on this matter.

## <u>JURISDICTIONAL STATEMENT</u>

The District Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The Court of Appeals has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1291.  The District Court denied the motion for a stay on  September 13, 2023. *R. 103 , Order*.    A notice of appeal was filed on September 14 , 2023, *R. 104, Notice of Appeal*.  The record was filed in this matter. A motion to expedite was filed and granted.

## <u>STATEMENT OF THE ISSUE FOR REVIEW</u>

The issue for review before this court is whether the District Court erred in denying a stay of execution for the Appellant. *R. 103 at appendix page 9-10.*

## STATEMENT OF THE CASE

On July 17, 2023, Appellant's previous counsel filed a motion for order to determine file disposition. *R. 80, Motion to determine file disposition, Appendix page* . The same day, counsel moved this court for leave to withdraw from the case. R. 81 Motion to withdraw as counsel. These two motions sat in the District Court until August 7, 2023 when the court disposed of them. *R. 85, Order.* On August 22, 2023, current counsel filed a notice of appearance. *R. 90, Notice of appearance*. On August 30, a notice of appeal was filed. *R. 91, Notice of appeal.* The record was filed, and a briefing schedule was set. A limited remand resolved the issues with the file. The court then denied the stay of execution. A notice of appeal was filed. The record was filed, and the matter is ripe for consideration.

## STATEMENT OF THE FACTS

On July 17, 2023, previous counsel filed a motion to have the court determine how to dispose of the file in this matter. *R. 80, Motion to Determine File Disposition.* In that motion, counsel states there are at least twelve boxes that are still sealed after being transferred from the Oklahoma Indigent Defense System. *R. 80, Motion to Determine File Disposition, at Appendix page 2.* Counsel then states that there are concerns about witness and juror privacy. *Id at page 2.* Counsel then claims that Appellant has no right to the file, only certain documents when he can show cause. *Id at page 2-3.*

The same day, counsel also filed a motion to withdraw from the case. *R. 81, Motion to withdraw as counsel.* The only basis for withdraw is that the client asked and he is waiving clemency proceedings. *Appendix at page 7.*

The District Court, despite there being an execution date of September 21, 2023, waited until August 7, 2023, to order that previous counsel maintain the file. *R. 85.* In that order, it allowed previous counsel to maintain the file despite previous requests by the Appellant. Id. Notice of appeal was timely filed. *R. 91 Notice of Appeal.* Following a limited remand, the issue with the files was resolved. The District Court then filed an order denying the stay of execution. *R 103, Order.* A notice of appeal was filed. *R. 104, Notice of appeal.*

## SUMMARY OF ARGUMENT

Appellant is set to be executed in McAlister, Oklahoma in one week.  He requested all his files from previous counsel.  They balked claiming privacy rights of witnesses and jurors.   During this time, Appellant waived his right to clemency.  In his order, the judge claims that there are no issues or claims left to litigate.  Until the files are transferred and reviewed no one knows if any issues remain.  By their own admission, previous counsel has at least twelve boxes that are still sealed. Those twelve boxes very well could contain evidence that provides substance for a claim that would stop this execution.  Current counsel cannot guess as to their contents.  Only by reviewing or having someone in his employ review this evidence can counsel be certain there are no claims remaining.   Counsel requested a stay which was denied by the court.  Further investigation is needed.

## <u>STANDARD OF REVIEW</u>

Appellant would argue that the standard to be applied here is the granting of a motion would be reviewed as an abuse of discretion. The standard of review of a stay of execution issued by a district court is abuse of discretion." *Hauser v. Moore, 223 F.3d 1316, 1321 (11th Cir. 2000); cf. Hawkins v. City & County of Denver, 170 F.3d 1281, 1292 (10th Cir. 1999) (applying abuse of discretion standard to district court's ruling on request for preliminary injunction).* This court has defined, "An abuse of discretion is defined in this circuit as a judicial action which is arbitrary, capricious, or whimsical." *Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).*

# ARGUMENT

## A. ARGUMENT

## B. MR. SANCHEZ IS ENTITLED TO A STAY OF EXECUTION.

The standards governing preliminary injunctions apply to execution stays in habeas proceedings. *See Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Further, the court must consider "the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). In death penalty cases, a stay is warranted upon "a showing of a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### a. Mr. Sanchez Has Shown a Significant Possibility of Success on the Merits of His Claims.

In this case, Petitioner counsels file a motion to determine what should be done with the files in this matter. *R.80 Motion of appointed attorneys to determine disposition of files and brief in support, Appendix at page 2-6.*. The court did not dispose of this motion until August 7, 2023. In that order the court determined that

counsel could keep the files from their client. *R. 89, Order at appendix page 9-10.*
The basis of this motion is that there is confidential information in the boxes that
should be kept from the Petitioner. Petitioner has new counsel who does not have
access to these documents. Investigator David Ballard had sought to take
possession of these boxes last spring and when he appeared at the offices of the
attorneys was told he could not have them. The court then orders that the lawyers
have no obligation to turn over the Petitioners file to anyone. This includes current
counsel, working pro bono for Petitioner.

This court has found that no further claims exist. Respectfully, current
counsel does not know that until he or someone in his employ goes through the
boxes, some of which are still sealed, to determine what exists. These sealed boxes
could contain information leading to a claim that provides relief for the Petitioner.

Clemency[1] or post-conviction Counsel under the standards provided by the
ABA Guidelines must investigate claims. *See ABA guidelines for the Appointment
and Performance of Defense Counsel in Death Penalty Cases, 2003, Rule 10.15.1;
Rule 10.15.2.* This cannot be done without the entire file, sealed or unsealed. In a
capital case, on the eve of execution, current counsel finally has the client's file. It
contains fifty-two boxes and takes up an entire conference room in a law office.

---

[1] Counsel is aware Petitioner has waived his clemency proceedings, but the duty to determine claims and options for
success still exists.

The issue becomes if a stay is not granted, and the boxes turned over that leaves no time to determine if claims exist. There is not time to determine further investigation.  There is simply no time to review these boxes and determine what is possible and what is not possible.

### b.  Mr. Sanchez Will Suffer Irreparable Harm.

The irreparable harm to Mr. Sanchez is clear: Absent a stay, he could be executed on September 21, 2023, before he can fully research and litigate remaining claims.  *See Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (holding that "irreparable harm is taken as established in a capital case" because "[t]here can be no doubt that a defendant facing the death penalty at the hands of the [Respondent] faces irreparable injury").

This is a matter of fairness for the Petitioner. There are between thirty and fifty boxes, some of which were sealed and never unsealed, in the possession of prior counsel.

Undersigned counsel attempted to enter the case in May of this year. Prior counsel fought this attempt. They then file a motion to withdraw shortly before the execution. He finally has the file but no time to review and determine.

### c.  The Balance of Harms Weighs in Mr. Sanchez's Favor.

The Respondent's interest in conducting the execution of Mr. Sanchez on September 21, 2023, before he has a reliable opportunity for judicial review of

remaining claims, does not constitute substantial harm to the Respondent.

Mr. Sanchez has diligently pursued relief for the alleged Constitutional violations every step of the way in the District Court for the Western District of Oklahoma, in the Tenth Circuit, and in the United States Supreme Court, only to be stymied by his own counsel when they refused to provide Mr. Sanchez's own file to him. What is more, any delays in resolving this litigation fall solely on that same counsel when they failed to visit or communicate with him for years.

Absent a stay, Mr. Sanchez could be executed even though there is a significant chance his death sentences were obtained in violation of his Constitutional rights. When considered in the full context of Mr. Sanchez's blindness approaching the end of his litigation, the harm to Mr. Sanchez far outweighs the harm to the Respondent.

### d.  The Public Interest Weighs in Favor of a Stay.

There is no public interest in an unjust execution. Moreover, a stay would vindicate the public's interest in making sure an execution is just and only following full and fair judicial review. Mr. Sanchez seeks a meaningful opportunity to have this Court consider the merits of his claims, and a delay in the execution for this purpose would not disserve the public interest. *See Cooey v. Taft*, 430 F. Supp. 2d 702, 708 (S.D. Ohio 2006) ("[T]he public interest only is served by enforcing constitutional rights and by the prompt and accurate resolution

of disputes concerning those constitutional rights. By comparison, the public interest has never been and could never be served by rushing to judgment at the expense of a condemned inmate's constitutional rights"). Here, the public interest would not be served by rushing to judgment where such extraordinary circumstances and equities exist.

### e. Mr. Sanchez did not Unnecessarily Delay this Litigation.

The two main impediments to Mr. Sanchez being able to litigate anything are his two former court-appointed attorneys. First, they did not visit or communicate with Mr. Sanchez for years. This abandonment prevented Mr. Sanchez from participating in his defense and reviewing his files. Additionally, counsel refused and, indeed, continue to refuse to provide Mr. Sanchez with his file. Attorneys Barrett and Coyne stayed on Mr. Sanchez's case until July 7, 2023. After inquiries, this Court issued an Order on August 7, 2023, ruling that court-appointed counsel should not provide Mr. Sanchez's files to him – not even his trial transcripts that counsel offered to provide. Later, on August 22, 2023, undersigned counsel entered his appearance. Following the filing of a motion to expedite was filed. Twenty days later a motion to stay  was filed.

Under these circumstances and this timeline, Mr. Sanchez did not unnecessarily delay this litigation.

## CONCLUSION

The appellant in this matter was prevented from gathering and reviewing the client's file in the underlying case. Counsel has the file but no time to review and investigate what is in the file. This leaves the Appellant with no time to have claims properly investigated on his behalf.

Respectfully submitted,

**s/ Eric Allen**

_____
Eric J. Allen (0073384)
The Law Office of Eric J. Allen, Ltd.
4200 Regent Street, Suite 200
Columbus, Ohio 43215
Ph.: (614) 443-4840

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with FRAP 32 because excluding the parts of the document excluding by FRAP 32 (F) this brief contains 2035 words.

**s/ Eric Allen**

_____
Eric J Allen

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent to the via Electronic Mail this 17th day of September 2023.

**S/ Eric Allen**

_____
Eric J. Allen (0073384)